# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-07140-RGK-KS | Date | November 17, 2017 |
|---|---|---|---|
| Title | *Alexander Mirza v. Cachet Hotel Group Limited Cayman L.P. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand Case (DE 8) and Defendant Cachet Hotel Group Limited HK's Motion to Compel Arbitration (DE 9)

## I. INTRODUCTION

On September 20, 2017, Plaintiff Alexander Mirza ("Mirza") filed a complaint ("Complaint") in Los Angeles County Superior Court against Defendants Cachet Hotel Group Limited Cayman L.P. ("Cachet Cayman"), Cachet Hotel Group Limited (HK) ("Cachet"), and ten unnamed Doe Defendants (collectively, "Defendants") (ECF No. 1-2). In the Complaint, Mirza asserted six state law claims against Defendants arising out of Cachet's termination of Mirza's employment in August 2017. On September 27, 2017, Cachet removed the case to this Court, asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Subsequently, on October 2, 2017, Mirza filed an amended complaint in this Court (the "FAC").

Presently before the Court are two motions: Mirza's Motion to Remand the case for lack of subject matter jurisdiction (DE 8) and Cachet's Motion to Compel Arbitration (DE 9). In the alternative, Cachet also moves to dismiss the case under Federal Rule of Civil Procedure ("Rule") 12(b)(3) for improper venue. For the reasons below, the Court **DENIES** Mirza's Motion to Remand and **DENIES** Cachet's Motion to Compel Arbitration.

## II. FACTUAL BACKGROUND

Mirza is a citizen of California[1] with extensive management experience in the hotel industry. Cachet is a Hong Kong limited liability partnership that owns and operates hotels, restaurants and other real estate projects in Asia and the Americas. In April 2013, Mirza and Cachet entered into a written employment contract appointing Mirza as Cachet's President and Chief Executive Officer (the "2013 Agreement"). The 2013 Agreement sets forth the terms and conditions of Mirza's employment with Cachet. Specifically, it establishes that Mirza's office and principal place of business will be in Hong

---

[1] Cachet accepts that Mirza is a citizen of California for purposes of this Motion. (Reply 3 n.3, ECF No. 15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-07140-RGK-KS | Date | November 17, 2017 |
|---|---|---|---|
| Title | *Alexander Mirza v. Cachet Hotel Group Limited Cayman L.P. et al.* | | |

Kong, Shanghai, and "such other non United States locations as approved by the Chairman." (FAC Ex. 1 at 17, ECF No. 7). Additionally, with respect to dispute resolution, the 2013 Agreement provides that "[a]ny dispute, controversy, claims, or differences of any kind whatsoever arising out of or in connection with this Agreement shall be resolved exclusively through arbitration administered by the Hong Kong International Arbitration Centre in Hong Kong which shall be conducted in accordance with the then effective ICC Rules." (*Id.* at 23) (the "Arbitration Clause"). The same provision designates Illinois law as the choice of law for any dispute that may arise between the parties. Although Mirza and Cachet revised the employment contract several times, notably to add Cachet Cayman as a party in 2014, the parties never revised the Arbitration Clause.

In August 2017, Defendants fired Mirza, citing alleged mismanagement and breaches of fiduciary duties. On September 5, 2017, Cachet filed claims against Mirza consistent with these allegations in the Hong Kong International Arbitration Centre ("HKIAC") pursuant to the Arbitration Clause. HKIAC then informed Cachet that it was "not in a position to administer the arbitration under the ICC Rules." (Defs.' Mot. Ex. C, ECF No. 9-7). Instead, HKIAC offered to administer the arbitration under HKIAC rules or another set of rules pursuant to stipulation of the parties. Mirza refused this offer. Cachet then refiled its claims on September 25, 2017 with the International Chamber of Commerce ("ICC") in Hong Kong seeking adjudication of the dispute conducted pursuant to ICC rules. (Ex. D, ECF No. 9-8; Ex. E, ECF No. 9-9).

In the meantime, on September 20, 2017, Mirza filed the Complaint in Los Angeles County Superior Court alleging six claims against Defendants. Specifically, Mirza alleged that Defendants discriminated against him for his religious affiliation and fired him in retaliation for his investigation into complaints of sexual harassment allegedly committed by a business partner. After Defendants removed the case, Mirza filed the FAC in this Court. In the FAC, Mirza makes similar claims against Defendants.

Mirza now moves for the Court to remand this case back to the state court for lack of subject matter jurisdiction. Cachet opposes Mirza's motion, arguing that the Court properly has both diversity and federal question jurisdiction to hear this matter. Cachet also moves for the Court to compel arbitration pursuant to the 2013 Agreement between the parties, or, in the alternative, for the Court to dismiss this case for improper venue.

### III. JUDICIAL STANDARD

#### A. Motion to Remand

A defendant may remove a case from state to federal court when the action could have initially been filed in federal court on the basis of original jurisdiction. 28 U.S.C. § 1441(a). *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Original jurisdiction exists when a case either presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1331; 1332(a). A case presents a federal question if a claim "aris[es] under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-07140-RGK-KS | Date | November 17, 2017 |
|---|---|---|---|
| Title | *Alexander Mirza v. Cachet Hotel Group Limited Cayman L.P. et al.* | | |

Constitution, laws, or treaties of the United States." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (quoting 28 U.S.C. § 1331). Once a federal court has a basis for original jurisdiction, it can exercise supplemental jurisdiction over state law claims that derive from the same common nucleus of operative facts as the federal law claims. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997); 28 U.S.C. § 1367.

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state court." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).

### B. Motion to Compel Arbitration

Agreements governed by the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") must be enforced according to the Convention's terms pursuant to the enabling statute adopted by Congress—Chapter 2 of the Federal Arbitration Act ("FAA"). *Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1152–53 (9th Cir. 2008); 9 U.S.C. §§ 201–208. Under Chapter 2 of the FAA, courts apply a two-step analysis when a party subject to the Convention moves to compel arbitration. *Chloe Z Fishing Co., Inc. v. Odyssey Re (London) Ltd.*, 109 F. Supp. 2d 1236, 1241 (S.D. Cal. 2000); 9 U.S.C. § 206. First, the reviewing court makes a "limited inquiry" based on four preliminary questions to determine whether there exists an arbitration agreement that falls under the Convention. *Id.* (citing *Sedco Inc. v. Petroleos Mexicanos Mex. Nat'l Oil Co.*, 767 F.2d 1140, 1144–45 (5th Cir. 1985)). Second, if there is such an arbitration agreement, the district court must order arbitration unless the agreement is null and void or otherwise incapable of being performed. *Chloe Z Fishing Co.*, 109 F. Supp. 2d. at 1241 (citing *Ministry of Def. of Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992)). On a Motion to Compel Arbitration, the Court should consider the strong federal policy favoring arbitration and the underlying goals of the Convention to encourage the "recognition and enforcement of commercial arbitration agreements." *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985) (explaining that the strong policy in favor of arbitration applies with special force in the field of international commerce).

### C. Rule 12(b)(3) and Forum Non Conveniens

A motion to dismiss based on a forum selection clause is treated as a motion to dismiss for improper venue under Rule 12(b)(3). *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Under this standard, the Court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the nonmoving party." *Petersen v. Boeing Co.*, 715 F.3d 276, 279 (9th Cir. 2013) (quotation omitted). The Court need not accept the pleadings as true and may consider facts outside the pleadings. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-07140-RGK-KS | Date | November 17, 2017 |
|---|---|---|---|
| Title | *Alexander Mirza v. Cachet Hotel Group Limited Cayman L.P. et al.* | | |

## IV. DISCUSSION

### A. Motion to Remand

In his Motion to Remand, Mirza argues that the parties in this case are not completely diverse, as is required for diversity jurisdiction, because both he and Cachet are citizens of California. Specifically, he asserts that since 2015, when Mirza began working in Santa Monica, Cachet's top-level executive functions have all operated out of the Santa Monica office. Mirza therefore avers that Cachet is a California citizen because its "nerve center" is located in California. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (establishing the "nerve center" test for corporate citizenship). For this reason, Mirza argues that the Court lacks subject matter jurisdiction over this case.

Cachet disputes this. Cachet argues that it is a citizen of China because all of the company's C-suite functions and some of its highest-level executives are located in Shanghai. Cachet also points out, however, that regardless of whether there is diversity jurisdiction under section 1332, the FAC primarily amended the Complaint to add federal claims under Title VII of the Civil Rights Act ("Title VII"). *See* 42 U.S.C. §§ 2000e, *et seq.* Accordingly, even if Cachet is a citizen of California, the Court has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over related state law claims under section 1367.

The Court agrees with Cachet. Mirza's first and second claims for relief in the original Complaint appear to seek relief only under California state law. (Compl. 8–10, ECF No. 1-2). By contrast, his first and second claims for relief in the FAC seek civil penalties and damages under Title VII, a federal law. (FAC 9–10, ECF No. 7). Though Mirza continues to dispute Cachet's citizenship in the Reply, he fails to respond to Cachet's contention that the Court has federal question jurisdiction over this case.

Because Mirza amended his complaint to add claims arising under federal law, federal question jurisdiction is present here. *See Sullivan*, 813 F.2d at 1371. As such, the Court denies Mirza's Motion to Remand.[2]

### B. Motion to Compel Arbitration

Cachet argues that the Court should compel arbitration because the Arbitration Clause within the 2013 Agreement falls within the purview of the Convention. In the alternative, Cachet argues that the Court should dismiss Mirza's claims under Rule 12(b)(3) because the Arbitration Clause provides for venue in Hong Kong. Mirza counters that the Convention does not apply here, and asserts that even if it did apply, the Arbitration Clause cannot be enforced because the HKIAC has declined to administer the

---

[2] Because the Court finds there to be federal question jurisdiction under § 1331 here, it need not address whether there is diversity jurisdiction under § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-07140-RGK-KS | Date | November 17, 2017 |
|---|---|---|---|
| Title | *Alexander Mirza v. Cachet Hotel Group Limited Cayman L.P. et al.* | | |

arbitration as provided in the 2013 Agreement. Mirza further argues that the Arbitration Clause is unenforceable both because it is unconscionable and because it violates California public policy.

The Court addresses these arguments in turn.

### 1. *Whether the Convention Applies to the 2013 Agreement*

An arbitration agreement falls within the Convention when "1) there is an agreement in writing within the meaning of the Convention; 2) the agreement provides for arbitration in the territory of a signatory of the Convention; 3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and 4) a party to the agreement is not an American citizen, or . . . the commercial relationship has some reasonable relation with one or more foreign states." *Balen v. Holland Am. Line Inc.*, 583 F.3d 547, 654–55 (9th Cir. 2009).

Mirza does not appear to seriously contest that the first three factors are met here. First, the 2013 Agreement constitutes an "agreement in writing" within the Convention's meaning because it is a written contract that expressly commits the parties to arbitrate disputes abroad. Second, the 2013 Agreement provides for arbitration in Hong Kong, a signatory of the Convention.[3] Third, the employment relationship between Mirza and Cachet is a legal relationship that is commercial in nature. *See Rogers*, 547 F.3d at 1155.

Mirza does, however, contest that the fourth factor is met. He argues, as he argued in his Motion to Remand, that Cachet is a citizen of California, not a citizen of a foreign state, because Cachet's "nerve center" is located in Santa Monica. However, even if Cachet were a U.S. citizen, the Convention would still apply as long as the commercial relationship between Cachet and Mirza has "some reasonable relation with one or more foreign states." *Balen*, 583 F.3d at 655; 9 U.S.C. § 202. Likely anticipating this, Mirza argues that the current dispute has "no relationship whatsoever with a 'foreign state.'" Mirza presumably argues this because the dispute relates to sexual harassment and discrimination that allegedly occurred in the United States. But this misstates the law. The fourth factor requires that the *commercial relationship*—not the current dispute—have a relationship to foreign states. *Id.* Here, Mirza's job as Cachet's CEO was "reasonably related to one or more foreign states." The 2013 Agreement itself stipulated that Mirza was to work in Shanghai, and Mirza does not appear to dispute that part of his role as CEO was to manage hotels and other properties in China, Southeast Asia, and other foreign states. Moreover, although Mirza argues that Cachet shifted focus to the Americas, he himself asserts that some of these properties were in Mexico, which is also a foreign state.

As such, the "commercial relationship" between Cachet and Mirza has some reasonable relation with a foreign state. All four factors are met, and the Convention applies to the 2013 Agreement.

---

[3] The Court takes judicial notice that the People's Republic of China—and by extension, Hong Kong—is a signatory of the Convention. (Def.'s Mot. Ex. RJN-B, ECF No. 9-14).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-07140-RGK-KS | Date | November 17, 2017 |
|---|---|---|---|
| Title | *Alexander Mirza v. Cachet Hotel Group Limited Cayman L.P. et al.* | | |

2. *Whether the Arbitration Clause is Capable of Being Performed*

If the Convention applies to an arbitration agreement, the district court must order arbitration unless the agreement is null and void or otherwise incapable of being performed. *Chloe Z Fishing Co.*, 109 F. Supp. 2d at 1241 (citing *Ministry of Def. of Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992)). Mirza argues that arbitration is "incapable of being performed" in this case because HKIAC has declined to administer the arbitration in accordance with the Arbitration Clause.

The Court agrees with Mirza. Arbitration is a matter of contract, and parties may determine by contract both the arbitral forum and the procedures under which the arbitration will be conducted. *See Cargill Rice, Inc. v. Empresa Nicaraguense Dealimentos Basicos*, 25 F.3d 223, 225 (4th Cir. 1994) (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)). When the parties to a contract expressly agree to arbitrate disputes exclusively before a particular forum in accordance with particular rules, those provisions become integral parts of their contract. *Cf. Reddam v. KPMG LLP*, 457 F.3d 1054, 1059–61 (9th Cir. 2006), *abrogated on other grounds by Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007). "If that forum is not available to hear the dispute, then a petition to compel arbitration may not be granted." *Provencio v. WMA Securities, Inc.*, 23 Cal. Rptr. 3d 524, 527 (Ct. App. 2005) (citing *Alan v. Superior Court*, 3 Cal. Rptr. 3d 377, 384–84 (Ct. App. 2003)).

Here, Cachet and Mirza agreed in the Arbitration Clause that they would resolve disputes through arbitration administered by the HKIAC in accordance with the then-effective ICC rules. Moreover, the parties agreed to resolve disputes "exclusively" in this manner. But this arrangement no longer appears possible.[4] As such, the arbitral forum is no longer available to hear the dispute in the manner in which Cachet and Mirza agreed. Cachet nonetheless asks the Court to compel arbitration before the HKIAC in accordance with HKIAC rules or else before the ICC in accordance with ICC rules. But because Cachet and Mirza agreed to arbitrate disputes "exclusively" in one particular forum using one particular set of rules, the Court cannot compel Cachet and Mirza to arbitrate this dispute in any other manner. *See In re Salomon Inc. Shareholders' Derivative Litig. 91 Civ. 5500 (RRP)*, 68 F.3d 554, 561 (2d Cir. 1995); *cf. Reddam*, 457 F.3d at 1060–61.

Accordingly, because arbitrating this dispute before the HKIAC in accordance with ICC rules no longer appears possible, the Arbitration Clause is "incapable of being performed" and is thus void. *See Chloe Z Fishing Co.*, 109 F. Supp. 2d at 1241. The Court therefore denies Cachet's Motion to Compel Arbitration.

---

[4] Cachet states in the Motion to Compel Arbitration that "[u]nder a recent agreement between the HKIAC and the ICC the HKIAC no longer performs arbitrations using ICC Rules absent stipulation of the parties." (Def.'s Mot. 5 n.7, ECF No. 9-1). But this statement appears to inaccurately characterize HKIAC's September 5 letter to the parties, which states that HKIAC "is not in a position" to use the ICC rules and is prepared to administer the arbitration only under another set of rules, if the parties so agree. (Ex. C, ECF No. 9-7). Mirza has made clear that he does not agree either to arbitrate before the HKIAC using HKIAC rules or to arbitrate before the ICC using ICC rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-07140-RGK-KS | Date | November 17, 2017 |
|---|---|---|---|
| Title | *Alexander Mirza v. Cachet Hotel Group Limited Cayman L.P. et al.* | | |

### 3. *Whether the Arbitration Clause is Unconscionable*

Lastly, Mirza argues that the Court should not enforce the Arbitration Clause because it is unconscionable and violates California public policy. Because the Court finds that the Arbitration Clause cannot be performed, the Court declines to address this issue.

### C. **Motion to Dismiss for Improper Venue**

Cachet moves in the alternative to dismiss the Complaint under Rule 12(b)(3) for improper venue because the Arbitration Clause provides for venue in Hong Kong. Specifically, Cachet argues that the Arbitration Clause is a valid forum selection clause that the Court must enforce.

Arbitration clauses can indeed operate as valid forum selection clauses. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.4 (9th Cir. 1988). Here, the parties have selected HKIAC as the forum in which they will arbitrate their dispute. But as noted above, the Court cannot enforce the Arbitration Clause because the parties cannot arbitrate the dispute before the HKIAC under ICC rules as the Arbitration Clause provides. Consequently, because the forum the parties have selected is not available, the Court cannot enforce the forum selection clause here.

Accordingly, the Court denies Cachet's Motion to Dismiss for Improper Venue.

### V. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Mirza's Motion to Remand, **DENIES** Cachet's Motion to Compel Arbitration, and **DENIES** Cachet's alternative Motion to Dismiss for Improper Venue.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer