JAYESH PATEL, (SBN 132939)
   *jpatel@zuberlaw.com*
DON A. HERNANDEZ, (SBN 125119)
   *dhernandez@zuberlaw.com*
MICHELE M. DESOER, (SBN 119667)
   *mdesoer@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California 90017
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant Cachet Hotel
Group Limited (HK)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDER MIRZA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CACHET HOTEL GROUP LIMITED CAYMAN L.P., a limited partnership; CACHET HOTEL GROUP LIMITED (HK), a limited partnership; and DOES 1-10,<br><br>Defendants. | Case No. 2:17-07140-RGK (KSx)<br><br>[Assigned to Hon. R. Gary Klausner]<br><br>**ANSWER OF DEFENDANT CACHET HOTEL GROUP LIMITED (HK), A LIMITED PARTNERSHIP, TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTERCLAIMS FOR BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY**<br><br>Trial Date:        None Set |
| CACHET HOTEL GROUP LIMITED (HK), a limited partnership,<br><br>Counterclaimant,<br><br>v.<br><br>ALEXANDER MIRZA, an individual,<br><br>Counter-Defendant. | |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Cachet Hotel Group Limited (HK), a limited partnership, ("Defendant") hereby answers the First Amended Complaint ("FAC") of Plaintiff Alexander Mirza ("Plaintiff") in the present action.  Defendant submits the following Answer without waiver of any of its contentions, rights or remedies with respect to the Court's Minute Order in the present action dated November 17, 2017, including the right to seek reconsideration of said Minute Order or appeal it under the Federal Arbitration Act. If an averment is not specifically admitted, it is hereby denied.

## **INTRODUCTORY ALLEGATIONS**

1.      Answering Paragraph 1, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

2.      Answering Paragraph 2, Defendant admits that it is a limited partnership, and that Robert Roche is its Chairman.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

3.      Answering Paragraph 3, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  Paragraph 3 further contains legal conclusions and argument as to which no response is required.

4.      Answering Paragraph 4, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  Paragraph 4 further contains legal conclusions and argument as to which no response is required.

5.      Answering Paragraph 5, Defendant denies each and every allegation contained therein.

6.      Answering Paragraph 6, Defendant admits that Plaintiff became President and Chief Executive Offer of Cachet Hong Kong as a result of a written agreement dated as of April 1, 2013, which agreement was amended effective May 1,

2014, and again in May 2016. Those written documents are the best evidence of their contents. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 6.

7.      Answering Paragraph 7, Defendant denies each and every allegation contained therein.

8.      Answering Paragraph 8, Defendant denies each and every allegation contained therein.

9.      Answering Paragraph 9, Defendant denies each and every allegation contained therein.

10.     Answering Paragraph 10, Defendant denies each and every allegation contained therein.

11.     Answering Paragraph 11, Defendant denies each and every allegation contained therein.

12.     Answering Paragraph 12, Defendant denies each and every allegation contained therein.

13.     Answering Paragraph 13, Defendant denies each and every allegation contained therein.

14.     Answering Paragraph 14, Defendant denies each and every allegation contained therein.

15.     Answering Paragraph 15, Defendant denies each and every allegation contained therein.

16.     Answering Paragraph 16, Defendant admits that Robert Roche received an email from Plaintiff on July 21, 2017, which is the best evidence of its contents.. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 16.

17.     Answering Paragraph 17, Defendant avers that the referenced emails are the best evidence of their contents. Defendant otherwise denies each and every allegation contained in Paragraph 17.

18.     Answering Paragraph 18, Defendant admits that Michelle Crosby sent an email dated July 23, 2017, which is the best evidence of its contents.  Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 18.

19.     Answering Paragraph 19, Defendant admits that Cachet Hong Kong's outside law firm retained EXTTI to investigate allegations of sexual harassment that it had received.  Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 19.

20.     Answering Paragraph 20, Defendant denies each and every allegation contained therein.

21.     Answering Paragraph 21, Defendant admits that its Board passed a resolution on August 5, 2017, which is the best evidence of its contents, and that Plaintiff sent the Board an email the following day, August 6, 2017, which email is the best evidence of its contents.  Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 21.

22.     Answering Paragraph 22, Defendant admits that Plaintiff's employment was terminated for cause on August 12, 2017.  Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 22.

## FIRST CAUSE OF ACTION

23.     For its answer to Paragraph 23, Defendant incorporates all its admissions and denials to Paragraphs 1 through 22 as though fully set forth herein.

24.     Answering Paragraph 24, Defendant denies each and every allegation contained therein.  Paragraph 24 further contains legal conclusions and argument as to which no response is required.

25.     Answering Paragraph 25, Defendant denies each and every allegation contained therein.

/ / /

/ / /

26.     Answering Paragraph 26, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff has suffered any damages as a result of Defendant's conduct.

27.     Answering Paragraph 27, Defendant denies each and every allegation contained therein.

28.     Answering Paragraph 28, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff is entitled to any attorneys' fees.  Paragraph 28 further contains legal conclusions and argument as to which no response is required.

29.     Answering Paragraph 29, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  Paragraph 29 further contains legal conclusions and argument as to which no response is required.

## SECOND CAUSE OF ACTION

30.     For its answer to Paragraph 30, Defendant incorporates all its admissions and denials to Paragraphs 1 through 22 as though fully set forth herein.

31.     Answering Paragraph 31, Defendant denies each and every allegation contained therein.  Paragraph 31 further contains legal conclusions and argument as to which no response is required.

32.     Answering Paragraph 32, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff has suffered any damages as a result of Defendant's conduct.

33.     Answering Paragraph 33, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff has suffered any injury as a result of Defendant's conduct.

34.     Answering Paragraph 34, Defendant denies each and every allegation contained therein.

/ / /

35.     Answering Paragraph 35, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff is entitled to any attorneys' fees.  Paragraph 35 further contains legal conclusions and argument as to which no response is required.

36.     Answering Paragraph 36, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  Paragraph 36 further contains legal conclusions and argument as to which no response is required.

## THIRD CAUSE OF ACTION

37.     For its answer to Paragraph 37, Defendant incorporates all its admissions and denials to Paragraphs 1 through 22 as though fully set forth herein.

38.     Answering Paragraph 38, Defendant denies each and every allegation contained therein.  Paragraph 38 further contains legal conclusions and argument as to which no response is required.

39.     Answering Paragraph 39, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff has suffered any damages as a result of Defendant's conduct.

40.     Answering Paragraph 40, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff has suffered any injury as a result of Defendant's conduct.

41.     Answering Paragraph 41, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff is entitled to any punitive damages whatsoever as a result of Defendant's conduct.

## FOURTH CAUSE OF ACTION

42.     For its answer to Paragraph 42, Defendant incorporates all its admissions and denials to Paragraphs 1 through 22 as though fully set forth herein.

43.     Answering Paragraph 43, Defendant denies each and every allegation contained therein.

Case No. 2:17-07140-RGK (KSx)

2165-1012 / 970673.4

44.     Answering Paragraph 44, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff has suffered any damages as a result of Defendant's conduct.

## FIFTH CAUSE OF ACTION

45.     For its answer to Paragraph 45, Defendant incorporates all its admissions and denials to Paragraphs 1 through 22 as though fully set forth herein.

46.     Answering Paragraph 46, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff is entitled to any attorneys' fees or waiting time penalties.  Paragraph 46 further contains legal conclusions and argument as to which no response is required.

## SIXTH CAUSE OF ACTION

47.     For its answer to Paragraph 47, Defendant incorporates all its admissions and denials to Paragraphs 1 through 22 as though fully set forth herein.

48.     Answering Paragraph 48, Defendant denies each and every allegation contained therein.

49.     Answering Paragraph 49, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff has suffered any damages as a result of Defendant's conduct.

50.     Answering Paragraph 50, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff has suffered any injury as a result of Defendant's conduct.

51.     Answering Paragraph 51, Defendant denies each and every allegation contained therein, and it specifically denies that Plaintiff is entitled to any punitive damages whatsoever as a result of Defendant's conduct.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses.  Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a first, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that the FAC fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Legitimate, Business-Related Actions by Defendant Based on Good Faith)

As a second, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that the decision to terminate Plaintiff's employment was made for legitimate, business-related reasons.

## THIRD AFFIRMATIVE DEFENSE

### (Privileged Conduct)

As a third, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that any and all acts alleged to have been committed by Defendant or Defendant's agents were absolutely or qualifiedly privileged.

## FOURTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Reasons)

As a fourth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges, without admitting that it engaged in any of the acts or conduct attributed to it in the FAC, that Defendant had bona fide occupational reasons for its termination of Plaintiff's employment.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Comply)

As a fifth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant avers that Plaintiff's claims are barred because he failed to comply with Defendant's express or implied policies concerning the terms of his employment.

Case No. 2:17-07140-RGK (KSx)

2165-1012 / 970673.4

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Follow Directions)

As a sixth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant avers that Plaintiff's claims, and each of them, are barred because Plaintiff failed to substantially comply with the reasonable directions of its Board of Directors.

## SEVENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

As a seventh, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that any obligations owed by it under any alleged contract were excused by Plaintiff's own numerous and repeated breaches of his written contract.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Perform)

As an eighth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that Plaintiff's claims, and each of them, are barred in that he failed to perform his job responsibilities and/or obligations in a manner commensurate with that of a Chief Executive Officer.

## NINTH AFFIRMATIVE DEFENSE

### (Cause)

As a ninth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that it had "cause" to terminate his employment within the meaning of the applicable employment agreement.

## TENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

As a tenth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges, without admitting that Defendant engaged in any of the acts or conduct attributed to Defendant in the FAC, that the termination of

1  Plaintiff's employment has been justified by after-acquired evidence of his

2  malfeasance, and that Plaintiff's damages, if any, must be eliminated or reduced

3  accordingly.

4  **ELEVENTH AFFIRMATIVE DEFENSE**

5  **(Failure of Consideration)**

6  As an eleventh, separate affirmative defense to the FAC, and each cause of

7  action contained therein, Defendant alleges that any performance due by the

8  Defendant under any contract alleged in the FAC was excused by Plaintiff's material

9  failure of consideration.

10  **TWELFTH AFFIRMATIVE DEFENSE**

11  **(Inability To Perform Essential Job Functions)**

12  As a twelfth, separate affirmative defense to the FAC, and each cause of action

13  contained therein, Defendant alleges, without admitting that it engaged in any of the

14  acts or conduct attributed to it in the FAC, that Plaintiff was unable to perform

15  essential job functions of his job due to his lack of qualifications or experience, which

16  he had overstated to Defendant at the inception of the relationship.

17  **THIRTEENTH AFFIRMATIVE DEFENSE**

18  **(Fraud)**

19  As a thirteenth, separate affirmative defense to the FAC, and each cause of

20  action contained therein, Defendant alleges that negligent and/or intentional

21  misrepresentations were made by Plaintiff to Defendant such that Defendant was

22  induced to enter into the contract with Plaintiff and/or induced to continue

23  performance under the contract with Plaintiff, which Defendant would not have

24  entered into or continued absent such misrepresentations.

25  **FOURTEENTH AFFIRMATIVE DEFENSE**

26  **(Unclean Hands)**

27  As a fourteenth, separate affirmative defense to the FAC, and each cause of

28  action contained therein, Defendant alleges that Plaintiff is barred in whole or in part

1  from prosecuting the purported causes of action set forth in the FAC by the doctrine

2  of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (No Injury or Damage)

5  As a fifteenth, separate affirmative defense to the FAC, and each cause of

6  action contained therein, Defendant alleges that Plaintiff has not been injured or

7  damaged as a proximate result of any act or omission for which Defendant is

8  responsible.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (No Malicious Intent)

11  As a sixteenth, separate affirmative defense to the FAC, and each cause of

12  action contained therein, Defendant alleges that Defendant did not act with malicious

13  intent to deprive any person of any right or to cause any other injury and therefore is

14  not liable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Performance Excused)

17  As a seventeenth, separate affirmative defense to the FAC, and each cause of

18  action contained therein, Defendant alleges that Defendant was excused from any

19  performance due from it to Plaintiff under any of the alleged contracts.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Waiver)

22  As an eighteenth, separate affirmative defense to the FAC, and each cause of

23  action contained therein, Defendant alleges that as a result of his own acts and/or

24  omissions, Plaintiff has waived any right which he may have had to recover any relief

25  sought against Defendant.

26  / / /

27  / / /

28  / / /

Case No. 2:17-07140-RGK (KSx)

2165-1012 / 970673.4

## NINETEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a nineteenth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that Plaintiff's claims are barred by judicial, equitable, and/or collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

As a twentieth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that Plaintiff's claims are barred because he has failed to exhaust administrative remedies.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Consent/Ratification)

As a twenty-first, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that the claims are barred because any conduct by Defendant was ratified, consented to, and/or acquiesced by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Intervening or Supervening Cause)

As a twenty-second, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that the damages Plaintiff claims to have suffered were caused or made worse by an event that occurred after the incidents described in the FAC.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a twenty-third, separate affirmative defense to the FAC, and each cause of action contained therein,  Defendant alleges that Plaintiff failed to mitigate or minimize his damages, if there were any, and Plaintiff failed to take adequate measures to minimize his damages, expenditures and costs, if any were incurred.

/ / /

Case No. 2:17-07140-RGK (KSx)

2165-1012 / 970673.4

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Laches)

As a twenty-fourth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the FAC by the doctrine of laches.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Defendant Fully Performed All Duties and Obligations Owed to Plaintiff)

As a twenty-fifth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that any duty or obligation, contractual, statutory or otherwise, which Plaintiff claims was owed to him by Defendant has been fully and faithfully performed, satisfied and/or discharged.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts)

As a twenty-sixth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant states that the claims asserted in the FAC are barred because any loss, injuries, or damages suffered by Plaintiff was the result of his own acts and omissions, and any recovery is thereby completely barred or must be set off and/or apportioned.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

As a twenty-seventh, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant states that the claims asserted in the FAC are barred because any loss, injuries, or damages suffered by Plaintiff was the result of acts and omissions of third parties not named in the FAC, and any recovery is thereby completely barred or must be set off and/or apportioned based on such other parties' fault.

/ / /

Case No. 2:17-07140-RGK (KSx)

2165-1012 / 970673.4

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Extra-Contractual Damages Barred)

As a twenty-eighth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that Plaintiff's claims for extra-contractual damages are barred.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim – Punitive Damages)

As a twenty-ninth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that Plaintiff's claims for punitive damages fails because Defendant did not have advance knowledge of the unfitness of any employee and employ that employee with conscious disregard of the rights and safety of others, nor did Defendant ratify any wrongful conduct.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Plaintiff Not Entitled to Punitive Damages)

As a thirtieth, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that Plaintiff's claims for punitive damages are barred because, at the time of the alleged acts giving rise to Plaintiff's claims for punitive damages, Defendant had implemented one or more policies that prohibited the alleged acts and/or otherwise made good faith efforts to comply with applicable law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Constitutional Ban on Punitive Damages)

As a thirty-first, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that it is not liable for any alleged exemplary or punitive damages because such damages violate Defendant's rights under the United States and California Constitutions, including, but not limited to, its right to due process and against excessive fines.

/ / /

2165-1012 / 970673.4

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

As a thirty-second, separate affirmative defense to the FAC, and each cause of action contained therein, Defendant alleges that it has insufficient knowledge or information upon which to form a belief as to whether additional, and as yet unstated, affirmative defenses are available to it in this matter.  Accordingly, Defendant reserves the right to assert such additional defenses that are proper as discovery, investigation, or analysis indicates.

WHEREFORE, Defendant prays for relief as follows:

1. That the FAC be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this FAC and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded its costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Counterclaimant Cachet Hotel Group Limited (Hong Kong) hereby asserts this Counterclaim against Plaintiff Alexander Mirza without waiver of any of its contentions, rights or remedies with respect to the Court's Minute Order in the present action dated November 17, 2017, including the right to seek reconsideration or appeal of said Minute Order under the Federal Arbitration Act and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. §§ 201 et seq.).

## PARTIES AND JURISDICTION

1. Cachet is a limited partnership created and existing under the laws of Hong Kong.  Its principal place of business and "nerve center" is located in Shanghai, People's Republic of China.

1    2.    Plaintiff and Counter-Defendant Alexander Mirza ("Mirza") is an

2    individual who claims to reside in the State of California, County of Los Angeles.

3    However, for much of the time that he spent as Cachet's President and Chief

4    Executive Officer, Mirza resided in China.

5    3.    Cachet continues to aver that jurisdiction over the claims against and by

6    Mirza arising out of his employment with Cachet resides exclusively with the Hong

7    Kong International Arbitration Centre ("HKIAC"), pursuant to a valid, binding and

8    enforceable arbitration provision that was contained within Mirza's written

9    employment agreement.  Cachet asserts these counterclaims in the present proceeding

10   only because it is required to under Fed. R. Civ. P. 13(a)(1).

11   4.    To the extent that it chooses not to compel arbitration of all the claims in

12   this action before the HKIAC, the Court has jurisdiction over these counterclaims in

13   accordance with 28 U.S.C. §§ 1331, 1332(a) and 1367.

14   **FACTUAL BACKGROUND**

15   5.    Cachet and Mirza entered into a written Employment Agreement

16   effective April 1, 2013 (the "Employment Agreement"), a true copy of which is

17   attached hereto as Exhibit A.  Under the terms of the Employment Agreement, Mirza

18   agreed that he would "devote all of his business time, ability and attention to the

19   performance of his duties" as Cachet's President and Chief Executive Officer. In

20   exchange, Cachet agreed to pay him an annual salary of $350,000, as well as other

21   cash and equity incentives.  Among his duties, Mirza and Cachet agreed that he would

22   develop "a centralized services fee business including a Cachet branded hotel portal,"

23   and would also "support overall hotel growth and strategic development consistent

24   with those of a Chief Executive Officer."

25   6.    Cachet and Mirza entered into a First Amendment to the Employment

26   Agreement effective May 1, 2014.  A true copy of that First Amendment is attached

27   hereto as Exhibit B.

28   / / /

16

7.      Cachet and Mirza subsequently amended the Employment Agreement a second time.  A true and correct copy of the Second Amendment, effective as of May 2016, is attached hereto as Exhibit C.  Exhibits A, B and C, collectively, shall be referred to herein as the "Amended Employment Agreement."

8.      Cachet's Board of Directors terminated Mirza's employment for "cause," as that term was defined by his Amended Employment Agreement, on August 13, 2017.

## FIRST COUNTERCLAIM FOR RELIEF
### (BREACH OF FIDUCIARY DUTY)

9.      Cachet incorporates by reference paragraphs 1 through 8, inclusive, of this Counterclaim as though fully set forth herein.

10.      As Cachet's Chief Executive Officer during the period April 1, 2013, through and including August 13, 2017, Mirza owed Cachet and its Board of Directors a fiduciary duty that included the duties of truthfulness and loyalty.

11.      In breach of his duty of truthfulness to Cachet, during the course of his employment, Mirza repeatedly and consistently misrepresented material facts to Cachet's Board, potential investors and clients.  These misrepresentations include, but are not limited to:

A.      He falsely misrepresented key facts relating to a software reservation system project that he promoted within Cachet, commonly known as SongDez.  His misrepresentations included the status of the project, the dates by which the software would be completed and operational, the cost of completion, and the operability and features of the software platform;

B.      He willfully concealed his own alleged misconduct towards his personal assistant from Cachet's Board of Directors, even though the Company Handbook required him to report any allegations of executive misconduct to the Board so that it could initiate an investigation;

/ / /

2165-1012 / 970673.4

C.      He misrepresented the qualifications and capabilities of other personnel that he hired to provide services to Cachet;

D.      He failed to disclose the harassment allegedly suffered by some of Cachet's employees to its Board of Directors in a timely fashion, divulging those allegations only when it suited his own purpose;

E.      He falsely misrepresented some of the complaints as "sexual harassment" to the Board of Directors, when in fact at least two of them had nothing at all to do with sexual harassment or gender discrimination.

12.      Mirza breached his duty of loyalty to Cachet throughout his tenure as its Chief Executive Officer.  Among other things, Cachet has learned that, contrary to his representations to the Board of Directors, during the entire time that he served as Cachet's Chief Executive Officer, he engaged in an extra-marital relationship with Yvonne Choi, a woman he convinced Cachet to employ as its Chief Marketing Officer.  That intimate personal relationship, which he denied, caused Mirza to champion her employment; knowingly overstate her qualifications to Cachet's Board; convince Cachet to pay her a salary far out of proportion to her skills and experience; pay her an unnecessary and overly generous housing allowance; appoint her to positions and assign her responsibilities for which she had little or no qualifications or experience; take her on business trips for no purpose other than for his personal companionship; and to advocate for her continued oversight of the still unfinished SongDez software platform.

13.      Mirza further breached his duty of loyalty to Cachet when, among other things, he:

A.      Disregarded the express instructions of Cachet's Board of Directors to work collaboratively with its business partner, a relationship that Mirza himself originally had encouraged, and instead undermined that relationship when Cachet's business partner began to question his own performance in managing the New York hotel property;

18

B. Disseminated false information about Cachet, its other officers and directors, and its business partners;

C. Acted to undermine the authority of Cachet's Board of Directors and its Chairman;

D. Failed to follow Cachet's procedures for instituting investigations of sexual harassment or gender discrimination claims, including when he himself was accused of misconduct by his personal assistant;

E. Engaged in conduct towards a former Cachet employee that has led to allegations of sexual harassment and wrongful termination and exposed Cachet to risk;

F. Attempted to interfere with and control the independent investigation of allegations that some of Cachet's employees had been the victims of improper conduct by their managers;

G. Attempted to conceal information about that independent investigation, including the investigative process, status or allegations, from Cachet's Board of Directors; and

G. Falsely accused Cachet's Board of Directors of interfering with the independent investigations simply because it had exercised its duty to inquire about them.

14. Mirza's breaches of fiduciary duty as set forth above constituted willful misconduct that was materially injurious to Cachet and its employees, and adversely affected Cachet's assets, liabilities, business, reputation and prospects.

15. As a proximate result of Mirza's breaches of fiduciary duty, Cachet has been damaged in an amount not yet ascertained, but in excess of the jurisdictional minimum of this Court. Its damages specifically include the approximately $900,000 that Cachet spent on the SongDez software that Mirza and his paramour championed but never developed to completion despite repeated assurances that it was near

2165-1012 / 970673.4

1  completion, as well as the exorbitant salary and living expenses that Mirza caused

2  Cachet to pay to his paramour.

3       16.    In breaching his fiduciary duties to Cachet, Mirza acted willfully,

4  maliciously with the intent to injure Cachet and in conscious disregard of Cachet's

5  rights, thereby justifying an award of exemplary damages.

6  **SECOND COUNTERCLAIM FOR RELIEF**

7  **(BREACH OF WRITTEN CONTRACT)**

8       17.    Cachet incorporates by reference paragraphs 1 through 16, inclusive, of

9  this Counterclaim as though fully set forth herein.

10       18.    In his written Amended Employment Agreement, Mirza agreed to

11  perform those duties and responsibilities generally associated with a President and

12  Chief Executive Officer, as well as those duties that Cachet's Chairman would

13  reasonably assign to him.  Those duties included "oversight responsibility for all

14  aspects of the successful creation, development, management and operation of all of

15  [Cachet's] hotels and other related facilities."  Mirza further agreed that he would

16  "help support overall growth and strategic development" of Cachet's properties.

17       19.    Cachet performed all of its duties under Mirza's Amended Employment

18  Agreement, except for those obligations that it was excused from performing by

19  Mirza's own breaches.

20       20.    Mirza failed to perform his duties as Cachet's President and Chief

21  Executive Officer in a manner appropriate for the Chief Executive Officer of an

22  international organization that focuses on branding and managing lifestyle hotels,

23  resorts and residences, restaurants and nightlife establishments, the standard

24  contemplated by the Amended Employment agreement.  Mirza, among other things:

25           A.    Failed to properly manage, supervise and monitor key projects,

26  resulting in wasteful expenditure of money by Cachet;

27           B.    Fostered an environment of favoritism that damaged the morale of

28  Cachet's employees, causing many of them to leave;

20

C.      Failed to conduct adequate due diligence in connection with Cachet's New York City hotel deal, and in fact urged the Board of Directors to overlook its concerns about the deal – only to falsely contend a few months later that he had been the one to raise the concerns and that the Board had overlooked them;

D.      Routinely berated and belittled Cachet's valued employees, threatening them with termination or demanding their resignations if they failed to follow his improper, arbitrary or capricious instructions;

E.      Engaged in an intimate personal relationship with a direct report while falsely denying the existence of that relationship to his Board of Directors;

F.      Failed to follow company policy by establishing a personal American Express credit card for his business expenses so that he could reap the personal benefit of any rewards program;

G.      Hired a General Manager for the New York hotel property who lacked the necessary experience to manage a hotel;

H.      Failed to create internal controls sufficient to prevent improper payments out of the operating funds of the New York hotel, and, against the express directions of Cachet's Board of Directors, otherwise worked to undermine the success of the project;

I.      Selected vendors and suppliers based on his personal relationships, without regard to price, cost, value or service levels available for competitive and equally-accessible sources that could and would have saved Cachet substantial expenses;

J.      Ignored express instructions by Cachet's Board of Directors to work collaboratively with its business partner;

K.      Instituted a campaign to undermine the business relationship between Cachet and its business partner, even though he had originally been

1   responsible for initiating that relationship, in an effort to distract attention from

2   his own performance failings and those of his favored subordinates, including

3   Ms. Choi;

4     L. Encouraged Ms. Choi and others to contrive factually baseless

5   claims of harassment in an effort to undermine Cachet's relationship with its

6   business partner, causing Cachet to unnecessarily spend time and money

7   conducting independent investigations into their allegations; and

8     M. Exposed Cachet to risk by engaging in allegedly improper conduct

9   towards at least two subordinate employees.

10     21. As a proximate result of Mirza's numerous breaches of his Amended

11   Employment Agreement, Cachet has suffered, and continues to suffer, monetary

12   damages in an amount to be set forth at the time of trial.

13   **THIRD COUNTERCLAIM FOR RELIEF**

14   **(BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND**

15   **FAIR DEALING)**

16     22. Cachet incorporates by reference paragraphs 1 through 21, inclusive, of

17   this Counterclaim as though fully set forth herein.

18     23. Every agreement contains an implied covenant that the parties will act in

19   good faith and will deal fairly with the other in the performance of their respective

20   contractual obligations.

21     24. Mirza breached the implied covenant of good faith and fair dealing

22   inherent in his Amended Employment Agreement by committing those acts and

23   omissions set forth in Paragraph 20, above.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

22

Case No. 2:17-07140-RGK (KSx)

2165-1012 / 970673.4

25.    As a proximate result of Mirza's breaches of the implied covenant of good faith and fair dealing, Cachet has suffered, and continues to suffer, monetary damages in an amount to be set forth at the time of trial.

WHEREFORE, Cache prays for judgment as follows:

1.    For compensatory damages and other special damages as permitted by law;

2.    For punitive and exemplary damages according to proof; and

3.    For such other and further relief as the Court may deem just and proper.

Dated:  December 8, 2017                    Respectfully submitted,

                                            **ZUBER LAWLER & DEL DUCA LLP**
                                            JAYESH PATEL
                                            DON A. HERNANDEZ
                                            MICHELE M. DESOER

                                    By:   _____/s/Don A. Hernandez_____
                                            Attorneys for Defendant Cachet Hotel
                                            Group Limited (HK)

2165-1012 / 970673.4